UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ST. PAUL REINSURANCE CO., LTD, ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | CV-02-N-0841-S] |
| ] | |
| THRIFT MOBILE HOME MOVERS, ] | |
| INC. ] | |
| ] | |
| Defendant(s). | |

FILED 02 NOV -8 PM 12:52 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED NOV 0 8 2002

## MEMORANDUM OF OPINION

This is an action for declaratory judgment brought by St. Paul Reinsurance Company, Limited, ("St. Paul") against Thrift Mobile Home Movers, Inc. ("Thrift") to determine the parties' rights, duties and status in connection with a civil action brought by Henry and Susan Butler and their four minor children against Thrift, Cavalier Manufacturing, Inc., and Reaves Mobile Homes, LLC which is currently pending in the Circuit Court of St. Clair County. Specifically, St. Paul seeks a declaration that it is not obliged to indemnify Thrift for certain damages alleged by the Butlers under the terms of a comprehensive general liability policy issued by St. Paul to Thrift.

Upon application of the plaintiff, the Clerk entered default against the defendant on September 4, 2002. (Doc. 6). The plaintiff submitted an affidavit stating that, to its knowledge, the defendant is not incompetent, a minor, or an active duty member of the armed forces of the United States. (Doc. 5, Ex. 1). The cause is presently before the court for consideration of the plaintiff's application for Default Judgment. (Doc. 7).



With one exception, the court finds that St. Paul's request is due to be granted. The exception is that St. Paul requests a declaration that it is not directly or indirectly liable to the Butlers for any damages. The Butlers are not parties to this action and any declaration as to their rights is not properly before this court. In all other respects the motion is proper and well-supported. Accordingly, the court will enter a separate order granting the declaratory relief requested in the complaint, to-wit:

A.  St. Paul is not obligated to indemnify Thrift for any punitive damage award which may be rendered to the Butlers in the underlying action.

B.  St. Paul is not obligated to indemnify Thrift for any of the Butler's property damage claims that do not qualify as "property damage" under the policy.

C.  St. Paul is not obligated to indemnify Thrift for any of the Butler's property damage claims by operation of the "care, custody, or control" exclusion.

Done, this 7th of November, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE